UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMES JONES, ) | 1:10-cv—01312-AWI-SMS-HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATIONS TO |
| ) | DISMISS THE PETITION AS |
| ) | DUPLICATIVE (Doc. 1) AND TO |
| v.  ) | DECLINE TO ISSUE A CERTIFICATE |
| ) | OF APPEALABILITY |
| KEN CLARK, ) | |
| ) | |
| Respondent. ) | |
| ) | |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on July 27, 2010.

   I.   Screening the Petition

   Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."

1  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
2  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
3  1990). Habeas Rule 2(c) requires that a petition 1) specify all
4  grounds of relief available to the Petitioner; 2) state the facts
5  supporting each ground; and 3) state the relief requested.
6  Notice pleading is not sufficient; rather, the petition must
7  state facts that point to a real possibility of constitutional
8  error. Rule 4, Advisory Committee Notes, 1976 Adoption;
9  O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
10 Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition
11 that are vague, conclusory, or palpably incredible are subject to
12 summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
13 Cir. 1990).
14     Further, the Court may dismiss a petition for writ of habeas
15 corpus either on its own motion under Habeas Rule 4, pursuant to
16 the respondent's motion to dismiss, or after an answer to the
17 petition has been filed. Advisory Committee Notes to Habeas Rule
18 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
19 (9th Cir. 2001).
20     II.  Duplicative Petitions
21          A.  Background
22     Petitioner, an inmate of the California State Prison at
23 Corcoran, is serving a sentence of fifteen (15) years to life
24 with the possibility of parole imposed by the San Bernardino
25 County Superior Court in 1989. (Pet. 1.) In the petition, he
26 challenges the decision of the California Board of Prison
27 Hearings rendered on March 26, 2009, denying Petitioner parole
28 for seven years. (Pet. 3-6, 170.)

2

Petitioner has previously filed another petition concerning this decision.  The Court takes judicial notice of its docket and filed documents in <u>Willie James Jones v. K. Clark, Warden</u>, case number 1:10-cv-01297-LJO-DLB-HC.[1]  In that petition, which was filed on July 21, 2010, Petitioner challenges the same decision rendered by the state parole board on March 26, 2009.  (Findings and Rec. to Deny Pet., doc. 13, 1.)  Petitioner raises essentially the same due process issue concerning the alleged absence of evidence to support the decision as in the later petition that is the subject of this order.  (<u>Id.</u> at 3-9.)  With respect to the status of that proceeding, the matter has been fully briefed, and findings and recommendations to deny the petition on the merits have issued.  The case thus appears to be well along the path towards a final disposition.

B. <u>Legal Standards</u>

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative, later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."  <u>Adams v. California Dept. of Health Services</u>, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  <u>Adams</u>, 487 F.3d at 688

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

3

1  (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977))
2  (en banc).
3     In assessing whether a second action is duplicative of the
4  first, the Court examines whether the causes of action, relief
5  sought, and the parties or privies to the action are the same.
6  Adams, 487 F.3d at 689.
7     First, the Court must examine whether the causes of action
8  in the two suits are identical pursuant to the transaction test,
9  developed in the context of claim preclusion.  Id. at 689.
10 "Whether two events are part of the same transaction or series
11 depends on whether they are related to the same set of facts and
12 whether they could conveniently be tried together."  Id.  In
13 applying the transaction test, the Court examines four criteria:
14 1) whether rights or interests established in the prior judgment
15 would be destroyed or impaired by prosecution of the second
16 action; 2) whether substantially the same evidence is presented
17 in the two actions; 3) whether the two suits involve infringement
18 of the same right; and 4) whether the two suits arise out of the
19 same transactional nucleus of facts.
20    Second, the Court determines whether the respondents are the
21 same or in privity.  Privity includes an array of relationships
22 which fit under the title of "virtual representation," the
23 necessary elements of which are an identity of interests and
24 adequate representation."  Adams, 487 F.3d at 691.  "Additional
25 features of a virtual representation relationship include a close
26 relationship, substantial participation, and tactical
27 maneuvering."  Adams, 487 F.3d at 691.
28    A plaintiff is required to bring at one time all of the

4

claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693-94. The Court has discretion to dismiss a duplicative complaint with prejudice in order to promote judicial economy and the comprehensive disposition of litigation, protect the parties from vexatious and expensive litigation, and serve the societal interest in bringing an end to disputes. Adams, 487 F.3d at 692.

### C. Analysis

The instant petition challenges the same parole decision as that being litigated in the previously filed and currently pending petition in case number 1:10-cv-01297-LJO-DLB. Petitioner also seeks the same relief. The issues have been joined and briefed in the other proceeding, and the Magistrate Judge has issued a decision, subject to only the filing of objections and the District Judge's consideration of the findings, recommendations, and objections.

Therefore, the undersigned Magistrate Judge will recommend that the Court exercise its discretion to dismiss the instant petition as duplicative. To the extent that Petitioner seeks to pursue his remedies with respect to the decision in question, Petitioner must do so in the original case.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue

5

only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

    A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

    Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

IV. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED with prejudice as duplicative; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 20, 2011**           /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE